UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DEANNA KESTERKE, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:18-CV-146-WCL-PRC |
| ) | |
| BCD WHITE INC. d/b/a WRIGLEY ) | |
| FIELD BAR & GRILL, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Strike [DE 11] filed by Defendant BCD White, Inc. d/b/a Wrigley Field Bar & Grill on June 26, 2018. Plaintiff filed a response on June 28, 2018, and Defendant filed a reply on July 5, 2018. In the Motion, Defendant seeks to have stricken certain allegations in the Complaint. For the following reasons, the Court denies the Motion.

## ANALYSIS

Defendant brings its motion under Federal Rule of Civil Procedure 12(f). Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because such motions often only delay the proceedings. *See Heller Fin.. Inc. v. Midwhey Powder Co.*, Inc., 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014). However, if the motion seeks to remove unnecessary clutter from the case, then the motion serves to expedite, not delay, the proceedings. *Sarkis' Cafe, Inc.*, 55 F. Supp. 3d at 1039.

Because motions to strike are disfavored, a court ordinarily will not strike a matter unless it can confidently conclude that the portion of the pleading the motion addresses has "no possible relation to the controversy and is clearly prejudicial." *Volling v. Antioch Rescue Squad*, 999 F. Supp.

2d 991, 1007 (N.D. Ill. 2013) (internal quotation marks omitted); *see also Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867-68 (N.D. Ill. 2001). The moving party on a motion to strike has "the burden of demonstrating that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration and unduly prejudicial." *All Am. Ins. Co. v. Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 729 (C.D. Ill. 2000) (quoting *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctr.*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998)); *see also Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001).

Defendant argues that allegations made in paragraphs 5 and 7 of the Complaint should be stricken because they are scandalous and immaterial. In the Complaint, Plaintiff brings claims of sexual harassment, hostile work environment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964.

Plaintiff argues that the allegations in the paragraphs at issue are material. Specifically, she asserts that the allegations are necessary to meet the required pleading standard. Rule 8(a) requires Plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that Defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Without deciding whether the Complaint is sufficiently pled to survive a motion to dismiss, the Court shares Plaintiff's concern that the Complaint without allegations in paragraph 5 and 7 would not provide the necessary notice to Defendant. The allegations at issue include sexual comments and a comment material to the retaliation claim. Though there is crude and vulgar language in the allegations at issue, they are foundational pieces of the alleged events and not merely tangentially related. As such, the allegations are related to the claims brought in this case and are worthy of consideration. The allegations are material.

Further, the cases that Defendant cites are distinguishable from the circumstances of this litigation. In some of these cases, a motion to strike was granted because the allegations at issue involved *similar* conduct but not the *particular* conduct giving rise to the claim. *See Malibu Media, LLC v. Doe*, No. 2:13-CV-99, 2013 WL 6095649 (N.D. Ind. Nov. 19, 2013); *Chi. Printing Co. v. Heidelberg USA, Inc.*, No. 01 C 3251, 2001 WL 1646567 (N.D. Ill. Dec. 21, 2001). Other cases concerned striking claims for which there was no factual basis. *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141-42 (7th Cir. 2009); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). One out-of-circuit case involved "repugnant words replete with tragic historical connotations" stricken because they were "superfluous descriptions and not substantive elements of the cause of action." *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988).

As stated above, motions to strike pleadings are disfavored. Because the allegations at issue are an important part of the factual basis for the claims brought in the Complaint and because Defendant has not met its burden as the moving party, the allegations will not be stricken.

**CONCLUSION**

Based on the foregoing, the Court hereby **DENIES** the Motion to Strike [DE 11].

SO ORDERED this 9th day of July, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT